## LIPSCOMB v. RANKIN et al.

### No. 3929.

Court of Civil Appeals of Texas. El Paso. March 14, 1940.

Rehearing Denied April 11, 1940.

E. P. Lipscomb, of San Antonio, for appellant.

No brief for appellee.

Louis D. Hill, of San Antonio, appeared on trial in lower court.

PRICE, Chief Justice.

The appellant, E. P. Lipscomb, sued appellees, Julian Rankin and wife, and Sara Bittick in one of the District Courts exercising jurisdiction in Bexar County. Appellees Rankin and wife in due time filed a plea of privilege to be sued in Travis County. This plea was in statutory form. Appellant filed controverting affidavit setting up his claim to sustain the venue in Bexar County. Upon hearing the plea was sustained and the venue was ordered changed to Travis County. Appeal was duly perfected.

Appellant sought in his petition to recover from appellees for legal services rendered by him in the prosecution of a claim for damages against the Kerrville Bus Company for injuries alleged to have been inflicted upon Mrs. Rankin, one of the appellees. From the allegations of the petition it

seems that the Bus Company settled the damage suit with Rankin and wife for $3,000. Appellant has never been paid for the legal services rendered. Appellant's petition alleges a specific contract with appellees whereby he was to receive one-half the amount realized on the claim, and there was an alternative claim on a quantum meruit. Upon the filing of this suit appellant sued out a writ of attachment and caused same to be levied upon Lots 25 and 26, in Block 12, City Block 1787, City of San Antonio, Bexar County: Sara Bittick, a feme sole, was made a party defendant because she holds a warranty deed from appellees to the said property, but on account of a vendor's lien retained in the conveyance the superior title was in Mrs. Rankin. The attachment was sought to be foreclosed in the petition, and further that the rights of Sara Bittick be adjudicated. It was also alleged that through the agency of another apellees committed a fraud in Bexar County, in that to obtain the $3,000 from the Bus Company, it was represented that a portion of same would be paid by them to appellant. The exceptions invoked in the contesting affidavit seem to be Subdivisions 4, 7, 12 and 29a of Article 1995, R.S., Vernon's Ann.Civ.St. art. 1995, subds. 4, 7, 12, 29a.

The case is before us without statement of facts. However, the trial judge, on the motion of appellant, filed findings of fact and conclusions of law.

█ It is undisputed that the residence of Sara Bittick is and was at all relevant times in Bexar County, and that of appellees in Travis County. Hence in order to sustain a cause of action under either Subdivision 4 or Subdivision 29a it was necessary for appellant to allege and offer proof of a cause of action against said defendant resident in Bexar County. 43 Tex.Jur. p. 752, sect. 36.

█ There must be some joint relationship between the cause of action asserted against the resident and nonresident defendants. Sampson v. Gandy, Tex.Civ.App., 116 S.W.2d 767.

█ In our opinion, a cause of action was neither alleged nor proven against Sara Bittick. Such defendant was not a party to the alleged contract between appellant and appellees. It is not alleged that her purchase of the property in controversy was without consideration or made with the intention to defraud appellant.

The attachment could only affect the interests of appellees in the property. The attachment and the levy thereof is not a cause of action against either Sara Bittick or the appellees. An attachment is an ancillary remedy in the nature of an anticipatory execution. Appellant, by the levy of the attachment, acquired no right as against Sara Bittick to have her interest determined in the property. It is true, that after the foreclosure of the writ of attachment was consummated, if ever, appellant might possibly acquire rights as to defendant Sara Bittick.

█ There is an allegation in appellant's petition as to an equitable lien on the property involved, but such allegation is a mere conclusion, and is not sustained by either pleading or proof.

█ What we have said disposes of Subdivisions 4, 12 and 29a. In regard to Subdivision 7, involving fraud committed in Bexar County, suffice it to say that appellant's cause of action was not founded on fraud. The petition sounds in contract, not in tort. Further, the finding of the trial court was against any fraud in the matter alleged.

█ It is claimed that the venue should be retained in Bexar County to avoid a multiplicity of suits. Appellant's petition shows no cause of action other than against appellees. If appellant should recover a judgment decreeing a recovery and a foreclosure of his attachment lien, the court could enter no final decree under the pleadings affecting the interest of defendant Sara Bittick. Defendant Sara Bittick was not a proper party to the cause of action asserted by appellant.

We find no error in the record, and the judgment of the trial court is affirmed.